No. 86-566

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

TINA D'EWART,

              Plaintiff and Respondent,

    -vs-

NANCY NEIBAUER, DIRECTOR OF HILL
COUNTY WELFARE DEPARTMENT, AND DAVID
M. LEWIS, DIRECTOR OF THE MONTANA
DEPARTMENT OF SOCIAL AND REHABILITATION
SERVICES,

              Defendants and Appellants.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Michael S. Becker, Dept. of SRS, Helena, Montana
        David Rice, Hill County Attorney, Havre, Montana

    For Respondent:

        Steven L. Bunch, Montana Legal Services, Helena,
        Montana

---

Submitted on Briefs: May 28, 1987

Decided: September 15, 1987

Filed: SEP 15 1987,

*Ethel M. Harrison*

---

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff Tina D'Ewart filed an action for declaratory judgment in the District Court of the Twelfth Judicial District, Hill County. The District Court held that § 46.10.512, ARM, was invalid as applied to the plaintiff, holding accrued but unpaid child care costs could be claimed as deductions from gross income when figuring AFDC payments. The Hill County Welfare Department and the Montana Department of Social and Rehabilitation Services (SRS) appeal. We reverse and remand.

The issue is:

Can the AFDC child care deduction found in § 46.10.512, ARM, be applied to child care costs which have accrued but not been paid?

The parties stipulated to the essential facts in this case. Tina D'Ewart is a single parent with three young children. Ms. D'Ewart relies on assistance, in addition to wages she earns, from the Aid to Families with Dependent Children (AFDC) program to provide shelter and other necessities for herself and her children. AFDC is a federally funded welfare program that is administered in Montana by SRS and the respective county welfare departments, in this case the Hill County Welfare Department. The state and county must administer the AFDC program in compliance with and in a manner consistent with federal law and regulations.

A family in which the claimant parent works may receive an AFDC payment if income eligible. Income eligibility for our purposes requires subtraction from income of items called "disregards." The key "disregard" in this case is the payment made for day care of children of the claimant. Benefits are calculated by "retrospective budgeting." This means that

2

the computations for the month of January are based upon income and expenses during the month of November.

It is the Hill County Welfare Department's policy that a child care disregard is allowed for those day care costs actually incurred and paid in the budget month as well as those charges incurred in the month immediately prior to the budget month but paid in the budget month. The disregard of day care costs that were incurred but remain unpaid is not allowed.

After a hearing concerning September 1984 AFDC benefits, the hearing officer concluded that unpaid child care costs should be disregards in the budget month incurred. Ms. D'Ewart then reapplied for benefits. Ms. D'Ewart's January 1985 and February 1985 AFDC benefits were based on her November 1984 and December 1984 income and expenditures due to the retrospective budgeting process. Her day care costs for November and December were not subtracted from her November and December income because they were not actually paid, but only incurred.

The benefit months at issue are January, February, and April of 1985. The amounts incurred for day care for those three months have not been paid by Ms. D'Ewart. Ms. D'Ewart is asking that the incurred, but unpaid day care costs from the budget months of November and December 1984 and February 1985 be included as disregards. If included as disregards, the amount of benefits due Ms. D'Ewart are:

| BUDGET MONTH | BENEFIT MONTH | AMOUNT |
|---|---|---|
| November | January | $51.00 |
| December | February | 63.00 |
| February | April | 33.00 |
| | TOTAL: | $147.00 |

Ms. D'Ewart has paid her day care in full every month from March 1985 to the present.

Ms. D'Ewart had a second hearing on March 11, 1986. The hearing officer reversed his earlier ruling on the merits, holding day care disregards would only be allowed to the extent actually paid. This decision was appealed to the SRS appeals board which affirmed the decision.

Ms. D'Ewart then filed a petition for declaratory judgment with the District Court. The District Court ruled that § 46.10.512, ARM, was invalid as applied to Ms. D'Ewart and ordered back child care costs paid to her. This ruling in effect held that day care costs incurred but not paid could be disregarded or deducted from a claimant's income. SRS and the Hill County Welfare Department appealed.

Can the AFDC child care deduction found in § 46.10.512, ARM, be applied to child care costs which have accrued but not been paid?

Section 46.10.512(1), ARM, provides in pertinent part:

> When testing net monthly income and determining grant amount, the following disregards are subtracted . . .
>
> (b) Expenses for the care of each working person's dependent child . . .
>
> (i) The amount actually paid in the budget month will be deducted. This amount may include payments for charges incurred in the month immediately prior to the budget month; however, charges incurred but not paid in the budget month will not be allowed under this rule. (Emphasis added.)

SRS and the Hill County Welfare Department contend that the District Court erred in its declaratory judgment ruling and that § 46.10.512, ARM, is valid and consistent with federal law. The applicable federal statute, 42 U.S.C.A. § 602(a)(8)(A)(iii), provides in pertinent part:

4

A State plan for aid and services to needy families with children must . . .

(8)(A) provide that, with respect to any month, in making the determination under paragraph (7), the State agency . . .

(iii) shall disregard from the earned income of any child, relative, or other individual specified in clause (ii), <u>an amount equal to expenditures for care</u> in such month for a dependent child . . . (Emphasis added.)

The lower court framed the issue as follows:

The court must determine under 42 USCA 602, (8)(A)(iii) [sic- should read 42 U.S.C.A. 602(a)(8)(A)(iii)] whether or not unpaid but obligated babysitting services should be considered disregardable "expenditures" or whether or not such child care costs are an "expenditure" only to the extent they are actually paid for.

After discussing the purpose of the AFDC program and accounting principles the District Court held:

. . . the term "expenditure" was intended by Congress to mean: an outlay, or the creation of a liability, or an asset or expense item; that Congress in the instant case meant "expenditure" for day care to mean either cash payment, or those child care costs which are accrued and obligated but not paid.

The court then concluded that § 46.10.512, ARM, was inconsistent and more restrictive than 42 U.S.C.A. § 602(a)(8)(A)(iii) and thus was invalid as to Ms. D'Ewart.

The federal regulation pertaining to this issue, found at 45 C.F.R.233.20(a)(11)(i)(C), provides:

5

> For purposes of eligibility determination, the
> State must disregard from the monthly earned income
> . . .
>
> (C) An amount equal to the actual cost, but not to
> exceed $160 . . . (Emphasis added.)

After consideration of the federal and Montana statutes and regulations pertaining to the AFDC program, we conclude that Montana's administrative rule on AFDC child care disregards, § 46.10.512, ARM, correctly implements federal congressional intent. Day care costs which have been incurred, but not paid, in the budget month should not be allowed as disregards. Only those child care costs actually paid in the budget month should be deducted.

We reach this conclusion for several reasons. First, our reading of 42 U.S.C.A. § 602(a)(8)(A)(iii) and 45 C.F.R.233.20(a)(11)(i)(C) persuades us that Congress intended only those child care costs actually paid to be deducted. The federal statute itself speaks of "expenditures." Black's Law Dictionary 518 (rev. 5th ed. 1979), defines an expenditure as "[s]pending or payment of money; the act of expending, disbursing, or laying out of money; payment." The federal regulation is even more explicit in its intention when it states, "[a]n amount equal to the actual costs." The regulation does not mention accrued or incurred costs, but actual costs. "Actual" is defined in Black's Law Dictionary 33 (rev. 5th ed. 1979) as:

> [r]eal; substantial; existing presently in act;
> having a valid objective existence as opposed to
> that which is merely theoretical or possible.
> Opposed to potential, possible, virtual, theoreti-
> cal, hypothetical, or nominal. Something real, in
> opposition to constructive or speculative; . . .

In addition, AFDC eligibility determinations are made using cash basis accounting principles. When figuring AFDC

6

income standards, it is clear the wage or salary must be actually received. See 45 C.F.R. § 233.20(a)(6)(iii). Thus, it follows that deductions from income must also be actually paid. Our reading of the federal statutes and regulations, along with the definitions of the key terms, convinces us that Congress intended child care costs actually be paid and not simply incurred.

Second, we conclude that § 46.10.512, ARM, correctly incorporates the federal law as intended. The construction of a statute by the person or agency responsible for its execution should be followed unless there are compelling indications that the construction is wrong. Red Lion Broadcasting Company v. F.C.C. (1969), 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371, 384. As this Court stated in Department of Revenue v. Puget Sound Power and Light Company (1978), 179 Mont. 255, 262, 587 P.2d 1282, 1286:

> When faced with a problem of statutory construction great deference must be shown to the interpretation given the statute by the officers or agency charged with its administration.

We conclude SRS has correctly interpreted 42 U.S.C.A. § 602(a)(8)(A)(iii), and hold that § 46.10.512, ARM, is consistent with and implements congressional intent. We also emphasize that the Montana regulation allows child care expenses to be paid in the month they are incurred, as well as in the subsequent month. The ARM is flexible enough to allow a working AFDC mother to increase her working hours, but not be required to pay the increased day care costs until the following month when she receives her additional income from the added hours.

Third, practical considerations convince us that only day care costs actually paid should be allowed as an income disregard. The efficient administration by the State of the

7

AFDC program requires that the money budgeted by the AFDC family for day care expenses is actually spent on the day care expenses. While we do not believe Ms. D'Ewart intended in any way to perpetrate a fraud on the AFDC program, we can see that potential problems could develop if AFDC recipients were allowed to accrue day care expenses (perhaps to a relative or friend) with no intention of ever paying those expenses. Also, if the SRS were required to set up a bookkeeping procedure to record day care expenses incurred months or even years earlier, then the paper work involved could materially increase the complexity of operation.

Ms. D'Ewart argues that the officer's decision concerning the benefit month of September 1984 barred subsequent adjudication of this matter. At that administrative hearing the position of the SRS and the Hill County Welfare Department was presented not by an attorney but by a social worker at the local level. The controversy involved a small amount of money, and SRS did not appeal the decision to the next administrative level.

At the time of the first hearing, § 46.10.512(1)(b)(i), ARM, provided:

> The amount actually paid in the budget month will be deducted. This amount may include payment for charges incurred in the month immediately prior to the budget month; however, payments in the budget month will not be allowed as a deduction under this rule.

The regulation was contradictory. It began by providing that the amount actually paid would be deducted, but then stated that payments in the budget month would not be deducted. The inconsistencies were removed by an amendment effective September 26, 1985, which read:

> The amount actually paid in the budget month will be deducted. This amount may include payment for charges incurred in the month immediately prior to the budget month; however, charges incurred but not paid in the budget month will not be allowed under this rule.

Considering these circumstances and especially the inconsistent ARM, we conclude it would be unjust to require the SRS to follow the hearing officer's initial determination in all subsequent proceedings.

Accordingly, we reverse the District Court's decision and hold that § 46.10.512, ARM, is valid and applicable as applied to Ms. D'Ewart and other AFDC recipients. We also hold that § 46.10.512, ARM, is consistent and not more restrictive than 42 U.S.C.A. § 602(a)(8)(A)(iii). We remand this case to the District Court for appropriate proceedings.

_____
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
L. C. Gulbrandson

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, dissenting:


The majority in this case have established a few "disregards" of their own, which in turn ought to be disregarded.

They have disregarded the purpose of AFDC payments, which is to benefit children. The concern of the AFDC program is for children, for their food, clothing, and shelter, to aid their expenses. Any restrictive regulation which reduces AFDC payments reduces benefits applicable to children. The protection of children is the paramount goal of the AFDC program. Rosen v. Hursh (8th Cir. 1972), 464 F.2d 731.

The majority disregarded that their interpretation of the federal statutes and regulations may result in the elimination of any AFDC payments to these children. The earnings of the mother may be such that refusal of the deduction of incurred costs for day care places the mother in an income bracket where she is not eligible to receive AFDC payments on behalf of her children.

Finally the majority have disregarded the work-incentive nature of the federal law permitting the deduction of day care costs. The majority reduce the value of the work-incentive by their decision.

> The AFDC program is designed to provide financial assistance to needy dependent children and the parents or relatives who live with and care for them. A principle purpose of the program, as indicated by 43 U.S.C. 601, is to help such parents and relatives "to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection. . ."

Shea v. Vialpando (1974), 416 U.S. 251, 253, 94 S.Ct. 1746, 1750, 40 L.Ed.2d 120, 125.

The principle to which we should adhere in this case is that day care expenses reasonably attributable to the earning of income by the parent should be disregarded when incurred. Simpson v. Miller (D.C. Ill. 1982), 535 F.Supp. 1041.

The intent of Congress and the federal agencies to limit deductions for day care to costs actually paid and not incurred costs is not as clear as the majority would make out. The departmental regulations allow the deduction of "(c) an amount equal to the actual cost, but not to exceed $160 . . . for the care of each dependent child . . ." 45 C.F.R. 233.20(a)(11)(i)(c).

The term "actual cost" does not necessarily mean "actually paid" costs. It may indeed include incurred costs because incurred costs are as actual as those for which payment has been made. No federal case that I can find applies the majority rule set out here. The United States Supreme Court enunciated in Shea v. Vialpando, supra, that "we read this language as a congressional directive that no limitation, apart from that of reasonableness, may be placed upon the recognition of expenses attributable to the earning of income . . ." 416 U.S. at 260, 94 S.Ct. at 1753, 40 L.Ed.2d at 129. The Supreme Court, in Shea, relied on the congressional history set forth in S.Rep. No. 1589, 87th Cong. 2d Sess. 17-18 (1962):

> Under present law . . . states are permitted, but not required, to take into consideration the expenses an individual has in earning any income (this practice is not uniform in the country and in a substantial number of states full consideration of such expenses is not given.) The committee believes that it is only reasonable for the states to take these expenses fully into account. Under existing law if these work expenses are not considered in determining need, they have the

- 11 -

> effect of providing a disincentive to working since that portion of the family budget spent for work expenses has the effect of reducing the amount available for food, clothing, and shelter. The bill has, therefore, added a provision in all assistance titles requiring the states to give consideration to any expenses reasonably attributable to the earning of income. (Emphasis added in original.)

416 U.S. 263, 94 S.Ct. 1755, 40 L.Ed.2d 131.

An incurred cost for day care, though not paid, is an expense reasonably attributable to the earning of income in the case of a working mother.

A weak argument by the majority is that to allow incurred costs in the month in which the day care costs are incurred would result in extra bookkeeping, complex paper work, and inefficient administration. This must be true: if costs of day care, whether incurred or paid for, are disregarded in the month the day care is supplied, the actual cost of day care will always be the amount disregarded. No additional bookkeeping is required under this procedure. There is far more bookkeeping involved in recording monthly paid and unpaid costs of day care, and the accounting of day care costs paid in subsequent months, then there would be in taking "these expenses _fully_ into account" in the month when the expenses are incurred.

Equally weak is the argument that somehow through fraud, a working parent may over a three-month period squander $147 of the children's benefits. It is entirely consonant with ordinary experience that payment of bills may sometimes be deferred. The legal obligation to pay remains. No fraud is involved in the deferral.

The District Court was correct in its determination, and it order ought to be affirmed.

_____
                    Justice

Justice John C. Harrison concurs in the foregoing dissent.

_____
                    Justice

Justice William E. Hunt, Sr., concurs in the foregoing dissent.

_____
                    Justice